IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

CHARLES DERRICK WATKINS,

JUN 1 0 2015

Petitioner-Defendant,

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

v.

Civil Action No. 3:14-CV-138
Criminal Action No. 3:10-CR-77

UNITED STATES OF AMERICA,

Respondent-Plaintiff.

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On December 31, 2014, Charles Derrick Watkins ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. (Civil Action No. 3:14-CV-138, Docket No. 1; Criminal Action No. 3:10-CR-77, Docket No. 67). On that same date, Petitioner was sent a Notice of Deficient Pleading instructing him to file his motion on correct forms per Local Rules of Prisoner Litigation Procedure 3.4. (Docket No. 71 at 1).[1] Petitioner filed a court approved form on January 20, 2015. (Docket No. 73). On May 4, 2015, the undersigned entered an Order directing Respondent to answer Petitioner's § 2255 motion. (Docket No. 76). Respondent filed its response on May 20, 2015. (Docket No. 78).

### II. FACTS

**A.     Conviction and Sentence**

On January 16, 2010, a Grand Jury in the Northern District of West Virginia returned an Indictment charging Petitioner on two (2) counts. (Docket No. 1). On February 11, 2011, Petitioner appeared before now-retired United States Magistrate Judge David J. Joel to enter a plea of guilty pursuant to a written plea

---

[1] From this point forward, unless noted otherwise, all docket entries refer to filings in Criminal Action No. 3:10-CR-77.

agreement. (Docket No. 23). In that plea agreement, Petitioner agreed to plead guilty to Count One of the Indictment (Docket No. 23 at 1). Count One charged Petitioner with "being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)" Id. On October 18, 2011, United States District Judge John Preston Bailey sentenced Petitioner to ninety-two (92) months imprisonment followed by three (3) years of supervised release. (Docket No. 48). Additionally, Judge Bailey stipulated that Petitioner "be allowed to participate in a mental health treatment program as determined appropriate by the Bureau of Prisons." (Id. at 3).

**B.   Direct Appeal**

Petitioner did not file a direct appeal.

**C.   Habeas Corpus Motion**

*1. Petitioner's § 2255*

Petitioner asserts in his § 2255 Motion that counsel was ineffective "due to Bad Advice, and [his] counsel's dishonesty which meritted [sic] the court to Appoint new counsel because the issues that arose between the Appointed counsel and [the Petitioner] were Irreconcilable that amounted Ineffective Assistance." (Docket No. 73 at 5). Specifically, Petitioner claims that "through a Motion and During court Hearings it was Brought to the Judges Attention that my Appointed Counsel Had 'Lied' to [him] During [his] Plea Agreement stages by telling [him] [he] couldn't take the mental Defense Approach. When the truth was that [he] Had Every right to do so Before signing of any Plea. . . ." (Docket No. 73 at 7). Petitioner asserts that he had the right to "have the Appointed counsel fight for the Proper Assesments [sic] and Psych Evaluations to be Granted." Id. Regarding the timeliness of the motion, Petitioner claims "new facts have been discoverable that were not before the one year time limit." (Docket No. 73 at 15). Moreover, Petitioner explains that "DOJ Deputy Attorney General Released New Policy on or About 10/23/14." Id.

*2. Government's Response*

Respondent asserts in its response:

(1) "The one year Statute of Limitations on Petitioner's filing this § 2255 Petition expired on October 20, 2012."

(2) "The United States recognizes that the facts which may satisfy 28 U.S.C. § 2255(f)(4) encompass a wide range of subsequently discovered facts, United States v. Gadsen, 332 F.3d 224 n.2 (4th Cir. 2003). . . .However, Department of Justice policy and policy changes do not constitute such new facts."

(3) "The Department's policy [is not] applicable to Petitioner."

(4) "A mental evaluation was ordered by the Court after entry of the guilty plea and prior to sentencing. . . . Accordingly, it appears that Petitioner was not prejudiced by counsel's performance. . . ."

(5) "The Fourth Circuit will enforce waivers of collateral attack rights contained in plea agreements."

(Docket No. 78 at 3-4).

## III. ANALYSIS

A one-year statute of limitations applies to all petitions brought under § 2255. Under 28 U.S.C. § 2255(f), the limitations period has four possible starting dates. The limitations period begins from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4).

3

Regarding subsection one, a judgment becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction;" or (3) when the United States Supreme Court denies certiorari. United States v. Clay, 537 U.S. 522, 524-25, 32 (2003). Here, Petitioner was sentenced on October 18, 2011 and judgment was entered on October 20, 2011. Petitioner did not file a direct appeal. Accordingly, the statute of limitations under § 2255(f)(1) began to run on November 3, 2011.[2] See Fed. R. App. P. 4(b)(1)(A)(i) (mandating that notice of an appeal be filed within fourteen (14) days of the entry of the judgment or order being appealed). Consequently, Petitioner filed his motion **two (2) years, one (1) month, and twenty-eight (28) days** after the statute of limitations under § 2255(f)(1) expired. Thus, Petitioner cannot rely on subsection § 2255(f)(1) to render his motion timely filed.

Regarding subsection two of § 2255(f), Petitioner does not allege that the Government created an impediment to his ability to timely file a § 2255 motion. Furthermore, Petitioner does not raise a claim regarding a newly recognized right that has been made retroactively applicable to cases on collateral review. Thus, § 2255(f)(2)-(3) do not apply.

Instead, Petitioner invokes § 2255(f)(4) by stating Attorney General Eric Holder's memorandum to United States Attorneys on October 14, 2014 is new evidence. (Docket No. 73 at 15). In his original motion, Petitioner stated that his circumstances "are in the kin of Missouri v. Frye and Lafler v. Cooper." Id. In Missouri v. Frye, 132 S. Ct. 1399, 1401 (2011), the prosecutor sent Frye's counsel two possible plea bargains favorable to Frye. Frye's counsel did not convey the offers to him and they expired. Id. Frye was arrested again soon after, and received no plea offers. Id. The Frye court held that "defense counsel must meet responsibilities in the plea bargain process to render the adequate assistance of counsel that the Sixth

---

[2] Although Respondent asserts that the statute of limitations expired on October 20, 2012, this does not account for the fourteen (14) days after the entry of the judgment pursuant to Fed. R. App. P. 4(b)(1)(A)(i). The limitations period actually began on November 3, 2011.

4

Amendment requires. . . ." Id. Frye further held that "as a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." Id. at 1402. However, the Supreme Court also found that a petitioner must show prejudice. Id. Consequently, the Supreme Court ruled that while "the Missouri court correctly found counsel's failure to inform Frye of the written plea offer before it expired fell below an objective reasonableness standard, [the court] failed to require Frye to show that the plea offer would have been adhered to by the prosecution and accepted by the trial court." Id. at 1403.

Here, Frye is not analogous to Petitioner's case. First, Petitioner's counsel did not ignore, dismiss, or let expire any plea offers from the prosecution. In actuality, a plea agreement was signed by the parties on February 11, 2011. (Docket No. 23). Second, Petitioner complains that his counsel did not seek a mental evaluation before the guilty plea was entered. (Docket No. 78 at 3). However, on April 29, 2011, the United States requested the court to order a psychiatric or psychological examination of defendant. (Docket No. 38 at 5). United States District Judge John Preston Baily granted the United States' Motion for Determination of Defendant's Present Mental Capacity and Mental Capacity at the Time of Offense. (Docket No. 40 at 1). In that order, Judge Bailey found that a "determination of defendant's competency [was] necessary before the Court [could] rule on defendant's motion to withdraw his plea." (Id. at 2).[3] After receiving the psychological report, the District Judge proceeded with sentencing. Because of Petitioner receiving the benefit of a psychological report prior to sentencing and the within noted findings of that report, Petitioner

---

[3] Petitioner was sent to Chicago Metropolitan Correctional Center for a mental health evaluation. A forensic report dated August 11, 2011 was issued by David M. Szybowski, Psy.D. and Jason V. Dana, Psy D. The district judge did not docket the report but instead lodged it in his internal files. A review of the report reflects the following conclusion: "At this time, Mr. Watkins exhibits symptoms of malingering, substance abuse, and antisocial personality. However, he does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel. These abilities do not appear to be compromised by any severe mental illness at this time and despite his feigned presentation of symptoms, he is likely to have sufficient capacity for competent involvement in legal proceedings against him. He presently appears appropriate for continuation of criminal proceedings."

cannot show prejudice. Therefore, given that Frye is not analogous to Petitioner's case, Frye provides no relief to Petitioner regarding the untimeliness of his motion.

Additionally, Petitioner cites to Lafler v. Cooper, 132 S. Ct. 1376 (2011). In Lafler, counsel allegedly encouraged and persuaded the defendant to reject the guilty plea agreement that the prosecution offered. Id. at 1380. The defendant was ultimately found guilty at trial and received a mandatory minimum sentence of 185 to 360 months. Id. This was greater than the fifty-one (51) to eighty-five (85) month sentence recommended in the guilty plea. Id. The Lafler court held that:

> "where counsel's ineffective advice led to an offer's rejection, and where the prejudice alleged is having to stand trial, a defendant must show that but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed."

Id.

Here, Petitioner cannot rely on Lafler for relief. First, Petitioner's counsel did not encourage or convince him to reject the prosecution's plea agreement. As mentioned earlier, Petitioner did sign a plea agreement. Second, the Petitioner was not found guilty on all counts. Third, Petitioner's plea agreement stated a maximum sentence of "not more than ten (10) years; a fine of $250,000.000; and a term of three (3) years of supervised release." (Docket No. 23 at 1). Petitioner was actually sentenced to ninety-two (92) months of imprisonment with three (3) years of supervised release. (Docket No. 78 at 1). Consequently, Petitioner cannot show prejudice and Lafler provides no relief to Petitioner regarding the untimeliness of his motion.

Pursuant to United States v. Martinez, 136 F.3d 972, 979-80 (4th Cir. 1998), cert. denied 524 U.S. 960 (1998), a defendant may raise a claim of ineffective assistance of counsel: "(1) in a motion for a new trial based on anything other than newly discovered evidence; (2) on direct appeal if an only if it conclusively appears from the record that his counsel did not provide effective assistance; and (3) by a collateral challenge

pursuant to 28 U.S.C § 2255." Additionally, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the court found that if a waiver of collateral-attack rights was knowing and voluntary, defendant could not challenge his or her conviction or sentence in a § 2255 motion. Ineffective assistance in the context of a guilty plea may be addressed even when matters involved would be waived under the plea. See Lemaster, 403 F.3d at 221-22.

Paragraph ten (10) of Petitioner's plea agreement contained a general waiver of collateral attack rights stating in relevant part:

> "Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction. . . . Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus)."

(Docket No. 23 at 3). Here, under Lemaster, Petitioner could have filed a § 2255 petition containing a claim for ineffective assistance of counsel well before Attorney General Eric Holder issued his October 14, 2014 memorandum. Petitioner certainly could have filed a § 2255 motion prior to November 3, 2012 (the end of his one year statute of limitations period). Therefore, the general waiver Petitioner signed did not bar him from timely raising an ineffective assistance of counsel claim in a § 2255 motion.

Additionally, the Department of Justice ("DOJ") "will not enforce waivers of collateral attack found in plea agreements when defense counsel rendered ineffective assistance of counsel resulting in prejudice." (Docket No. 78 at 2). However, as noted above, the Court ordered that Petitioner undergo a mental evaluation after he entered his plea of guilty. Consequently, Petitioner cannot demonstrate that counsel's performance prejudiced his defense. Therefore, the DOJ has no reason to not enforce Petitioner's waiver.

The October 14, 2014 memorandum from Attorney General Holder did not establish new law. Rather, the memorandum restated what has already been held in case law. The memorandum merely caused

DOJ policy to mirror the law established by the Fourth Circuit and other federal courts. The memorandum did not establish new facts or new rights. Petitioner has not alleged any new facts that would allow him to benefit from § 2255(f)(4). Consequently, Petitioner's statute of limitations expired on November 3, 2012, and his § 2255 motion is untimely by **two (2) years, one (1) month, and twenty-eight (28) days**.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:14-CV-138, Docket No. 1; Criminal Action No. 3:10-CR-77, Docket No. 67) be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely filed.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Charles Derrick Watkins.

DATED: June 10th, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE